IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11489
Summary Calendar
_____

PAT A. COATNEY,

Plaintiff-Appellant,

versus

JOHN J. CALLAHAN, Acting Commissioner of Social Security,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:95-CV-273
- - - - - - - - - -
August 19, 1997

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Pat A. Coatney appeals the district court's judgment for the Commissioner in her action pursuant to 42 U.S.C. § 405(g) for review of the administrative law judge's decision denying her Widow's Disability and Supplemental Security Income benefits. Coatney argues that the ALJ erred in applying the Social Security regulations concerning transferrable skills to show that she was not disabled. The regulation regarding transferrable skills, 20 C.F.R. § 404.1568(d), clearly contemplates that someone with past

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relevant semi-skilled work can acquire transferrable skills. Coatney argues that there is not substantial evidence in the record to support the ALJ's finding a) that she has the residual functional capacity to perform the full range of sedentary work; and b) that there is a significant number of jobs in the national economy that she could perform. Coatney does not point to anything in the medical evidence or in her own statements in her applications or at the hearing which would suggest that she would be unable to perform sedentary work. There is substantial evidence in the record to support the ALJ's finding that Coatney retained the residual functional capacity to perform the full range of sedentary work. See Haywood v. Sullivan, 888 F.2d 1463, 1470-71 (5th Cir. 1989). Coatney argues that the vocational expert's testimony that there were over 800 food tabulator jobs in the state of Texas does not establish a significant number of jobs. The jobs are not required to be in the claimant's state or region, but they must exist in significant numbers in the "national economy." 20 C.F.R. § 404.1566(b).

AFFIRMED.